# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COHN, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 8:18-cv-02694-PX |
| FAINE, | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION AND ORDER

On August 30, 2018, Defendant Sheila Faine, *pro se*, removed this foreclosure action from the Circuit Court for Prince George's County, Maryland. ECF No. 1. Defendant did not file all documents from state court, nor has Defendant complied with the Court's order requiring the submission of information concerning removal, including the date on which Defendant was served. ECF No. 3. Indeed, no party has taken any action in federal Court in the two-and-a-half months since it was removed.

State court actions that originally could have been brought in federal court may be removed pursuant to 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The defendant, as removing party, bears the burden of "demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Federal courts construe removal statutes strictly and resolve all doubts in favor of remand. *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

28 U.S.C. § 1446 governs the procedure for removal. The defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons" to remove the case. § 1446(b)(2)(B). Upon removal, the defendant must file "a copy of all process, pleadings, and

orders served upon such defendant." § 1446(a). By local rule, thirty days after removal, the defendant must also file all state court documents—not just documents served upon the defendant—along with a certification "that all filings in the state court action have been filed in the United States District Court." Loc. R. 103.5.a.[1]

Although failure to comply with § 1446 is not a jurisdictional defect, it "is grounds for immediately remanding a removed case to state court." *FHC Options, Inc. v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 380 (E.D. Va. 1998); *see also Davis v. Rutherford*, No. 2:09-CV-00096, 2009 WL 2599329, at *6 (S.D. W. Va. May 19, 2009), *adopted in relevant part*, 2009 WL 2599328, at *4 (S.D. W. Va. Aug. 20, 2009). Furthermore, the Court has inherent authority to enforce the local rules and court orders, and may fashion any appropriate sanction, including civil contempt of court and case-dispositive sanctions. *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009); *Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015).

Defendant has failed to comply with Local Rule 103.5.a by not filing all other documents on file with state court as of removal. Defendant also failed to comply with the Court's Order at ECF No. 3. Because of these failures, the Court is unable to determine whether Defendant removed this action in accordance with § 1446. Nor can the Court determine whether an ongoing case or controversy still exists. Evidently, the substitute trustee has filed a notice of

---

[1] Local Rule 103.5.a provides, in full:

> Any party effecting removal shall file with the notice true and legible copies of all process, pleadings, documents, and orders which have been served upon that party. Within thirty (30) days thereafter the party shall file true and legible copies of all other documents then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed in the United States District Court. In cases subject to electronic filing, the copies shall be filed in accordance with the electronic filing procedures adopted by the Court.

*Id.*

voluntary dismissal in state court subsequent to the action's removal. Notice of Voluntary Dismissal, *Cohn v. Faine*, No. CAEF18-14640 (Md. Cir. Ct. for Prince George's Cty. Sept. 18 2018), ECF No. 12. Although the state court's dismissal is likely void because the action had already been removed to this Court, *Ackerman v. ExxonMobile Corp.*, 734 F.3d 237, 249 (4th Cir. 2013), the notice suggests that subsequent events may have mooted this case, and thus deprived this court of jurisdiction in any event. *See Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (court retains jurisdiction to hear only ongoing cases or controversies).

Accordingly, it is ORDERED that Defendant show good cause within 21 days from the date of this order as to why the Court should not take further adverse action, to include remanding this case to state court or dismissing the action for failure to comply with the Federal Rules of Civil Procedure, Local Rules, or this Court's Order.

November 16, 2018  
Date

  /S/  
Paula Xinis  
United States District Judge